The People v. Antoinette Lange.

*Joint informations.*

1. A conviction is not invalidated by the fact that the person convicted, while implicated with others, was allowed to be tried on a separate information, unless the offense charged was one which could not be committed by only one person.

2. No one can be convicted, even under a joint information, without proof of his individual guilt.

Error to the Superior Court of Grand Rapids. (Parrish, J.) April 22.—April 29.

Information for larceny. Respondent brings error. Affirmed.

*Emil Dapper* for appellant, cited *People v. Sligh* 48 Mich. 59 ; *Stuart v. People* 42 Mich. 258.

Attorney General *Moses Taggart* for the People. Separate offenses can be charged in different counts, but, if required, the prosecuting attorney must elect upon which he will rely : *Tiedke v. City of Saginaw* 43 Mich. 64 ; the prosecuting attorney may sever at pleasure : 1 Bish. Cr. Pro. (last ed.) § 1018 ; Bish. Cr. Pro. (first ed.) §§ 980, 981, 982, 983 ; *State v. Johnson* 5 Jones (N. C. L.) 221 ; *Withers v. Commonwealth* 5 S. & R. 59 ; *Reg. v. Carter* 6 Mod. 168.

Campbell, J. Respondent was convicted of larceny. The questions raised by the defense here, so far as there is anything in the record to present them, all go to the propriety of indicting or informing separately against two persons who are implicated in the same transaction. One Helena Lange was so informed against separately, and this defendant insisted there should have been a joint prosecution.

No authority is presented which appears to favor any such notion, and such was never the common-law rule except as to some offenses which cannot be committed by single persons at all. In most cases there is no difficulty in convicting

one or more of persons charged jointly and acquitting others, and there is no legal objection to trying each offender separately by leave granted, and possibly without. No one can be convicted without proof of individual guilt, and it must be presumed that was shown here.

The conviction must be affirmed and the court below advised to sentence.

The other Justices concurred.